## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| SAMIR FAYEZ ZAKY,<br>*Plaintiff*,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,<br>*Defendant*. | No. 3:18-cv-1426 (VAB) |

## RULING AND ORDER ON MOTION TO DISMISS

Samir Fayez Zaky ("Plaintiff") has filed an administrative appeal under 42 U.S.C. § 405(g) seeking review of the Commissioner of Social Security's[1] ("Defendant" or the "Commissioner") decision denying him Social Security Disability Insurance ("SSDI") benefits. Am. Compl. ¶ 1, ECF No. 18 (Dec. 16, 2019).

The Commissioner has moved to dismiss Mr. Zaky's under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction. Def.'s Mot. to Dismiss, ECF No. 12 at 1 (Oct. 18, 2018) ("Def.'s Mot.").

For the following reasons, the motion to dismiss is **DENIED**.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

### A.   Factual Allegations

On February 20, 2014, the "time of the alleged onset" of his disabilities, Mr. Zaky was allegedly forty years old. Am. Compl. ¶ 15.

---

[1] This role is currently filled by Andrew Saul, who is automatically substituted as a party under Rule 25(d) of the Federal Rules of Civil Procedure.

On December 31, 2016, Mr. Zaky's alleged "date last insured,"[2] Mr. Zaky was allegedly forty-two years old. *Id.* ¶¶ 15-16.

Mr. Zaky alleges he suffered from the following symptoms and conditions "during the relevant time period and prior to [his] date last insured of" August 31, 2016: "[p]soriatic arthritis/rheumatic disease, requiring injections;" "[b]ilateral wrist and hand dysfunction and pain;" "[b]ilateral knee dysfunction and pain;" "[l]eft elbow pain and dysfunction;" and "[l]eft ankle pain [and] dysfunction." *Id.* ¶ 12. These alleged disabilities allegedly occurred when Mr. Zaky "worked self-employed as a podiatrist, routinely bent over treating patients and continuously using his hands to render medical treatment." *Id.* ¶ 13.

Mr. Zaky alleges that his past employment in the medical field "required him to travel to nursing homes and rehabilitative facilities," "lift approximately twenty-five pounds routinely and be in fixed bent positions over patients' feet, performing procedures with his hands and upper extremities where he was continuously grasping, pinching, pushing and pulling." *Id.* ¶ 14. In addition, he alleges he "had to record treatment on medical records and utilize computer software for medical report and bill generation." *Id.* ¶ 14.

After the date of his alleged onset on February 20, 2014, Mr. Zaky allegedly stopped working and "underwent examination, prescription therapies, diagnostic testing, injections and physical therapy for multiple orthopedic issues stemming from his rheumatic disease, psoriatic arthritis, which [allegedly] affected both upper and lower extremities." *Id.* ¶ 18.

On November 17, 2016, Mr. Zaky allegedly initially filed a claim for disability benefits. *Id.* ¶ 4.

---

[2] Mr. Zaky alleges "prior Social Security internal reviews by state non-examining doctors (such as Dr. Erik Purins) in support of earlier denials of claim, utilized a 'date last insured' of 12/31/2015 (one year earlier than that of record) and thereby did not include in the Defendant's consideration, Claimant's December 2016 flare up of arthritis nor Dr. Lahar's opinion regarding Claimant's full functional restrictions." Am. Compl. ¶ 17.

On April 6, 2017, Mr. Zaky's claim was allegedly denied at the initial consideration level. *Id.* Thereafter, Mr. Zaky allegedly appealed the denial by filing a request for reconsideration. *Id.*

On May 23, 2017, that request was also allegedly denied. *Id.*

Mr. Zaky alleges that he was incarcerated when the denial of the request for reconsideration was issued, and allegedly did not have access to telephone, computer, or mail. *Id.* ¶ 5. When he allegedly learned of the denial after release from prison, Mr. Zaky allegedly filed a statement of good cause for untimely filing, dated January 24, 2018. *Id.* ¶ 6.

On February 23, 2018, Mr. Zaky allegedly filed a request for a hearing before an administrative law judge. *Id.*

On March 19, 2018, Mr. Zaky allegedly received appointed counsel, Jennifer Collins. *Id.* ¶ 9.

On March 22, 2018, Administrative Law Judge ("ALJ") Deidre Horton allegedly dismissed Mr. Zaky's claim. *Id.* ¶ 7 (citing Ex. A: Social Security Administration Office of Disability Adjudication and Review, Order of Dismissal, ECF No. 18-1 (Mar. 22, 208) ("SSA Order of Dismissal")). ALJ Horton concluded that Mr. Zaky "filed the request for hearing 248 days after the date of the notice of reconsideration determination," and he failed to establish that he "did not receive this determination within 5 days of" May 23, 2017. SSA Order of Dismissal at 1. ALJ Horton further explained why Mr. Zaky did not establish "good cause" for his untimely request for reconsideration:

> In terms of extending the time to file the request, the claimant stated that he missed the deadline to request a hearing because he was detained without access to the denial notice. The claimant's mailing address has remained the same from the original date of filing for disability benefits. The claimant has not provided any supporting evidence to show proof of not having access to his mail or any other

3

>explanation as to why he did not [] file the request for hearing for 248 day[s]. Additionally, the record does not support that he made any attempts to reach out to SSA regarding him pending claim and or request the intent to appeal the reconsideration decision Furthermore, the file does not support that the claimant had any limitation in understanding his appeal right, the alleged disability is physical in nature. While the claimant is represented as of February 24, 2018, the representative has not provided further explanation regarding the untimely filing . . . .
>
>Because the request for hearing was not filed within the stated time period, and because the claimant has not established good cause for missing the deadline to request a hearing, the request for hearing dated February 1, 2018 is dismissed and the reconsideration determination dated May 23, 2017 remains in effect.

*Id.* at 1-2.

On April 27, 2018, Mr. Zaky allegedly timely requested review of ALJ Horton's decision dismissing his claim for untimeliness. Am. Compl. ¶ 8.

On June 25, 2018, the Appeals Council "found that the reasons do not provide a basis for changing the Administrative Law Judge's dismissal," and denied his request for review. *Id.* (citing Ex. B: Notice of Appeals Council Action, ECF No. 18-2 (June 25, 2018) ("AC Decision")).

Mr. Zaky alleges he was entitled to "have a hearing to substantively consider his medical impairments and limitations and/or to receive disability benefits, specifically" SSDI benefits because of his alleged inflammatory arthritis and major dysfunction of a joint. *Id.* ¶ 11.

Before ALJ Horton's dismissal of his claim for SSDI benefits, Mr. Zaky allegedly submitted "medical documentation addressing the extent of his restrictions and limitation during the relevant time period between his alleged onset date . . . and his 'date last insured.'" *Id.* ¶ 19. Mr. Zaky alleges that had his case not been administratively dismissed "without substantive medical review or consideration," then he would have allegedly met the qualifications for SSDI

benefits. *Id.* Mr. Zaky offers two examples: first, after he was allegedly examined by a Dr. Vikas Lahar, Dr. Lahar allegedly "opined via written letter dated 03/06/2017 . . . that Claimant has 'debilitating' restrictions of the bilateral hands due to psoriatic arthritis and that such restrictions have been occurring at least since 2014," *id.* ¶ 20; second, a Dr. Karan Chawdhary allegedly "provided a medical source statement regarding physical functioning of the Claimant's hands, noting . . . that Claimant had severe restrictions concerning the use of his bilateral hands," *id.* ¶ 21. Dr. Chawdhary also allegedly began treating Mr. Zaky before "his date last insured." *Id.*

Mr. Zaky alleges that ALJ Norton's decision and the Appeals Council's affirmance "is incorrect, does not account for all information and evidence provided concerning the circumstances," and fails "to examine all circumstances enumerated in 20 CFR 404.911 when considering whether the Claimant has shown good cause for missing an appeal deadline." *Id.* ¶¶ 23-24. Specifically, Mr. Zaky emphasizes the following:

> (a) what circumstances kept Claimant from making the request on time, (b) whether the Defendant Administration's action mislead the Claimant, (c) whether the Claimant did not understand the requirements of the Act resulting from amendments to the Act, other legislation or court decisions and (d) Whether the Claimant had any physical, mental, educational or linguistic limitations which prevented him from understanding or knowing about the need to file a timely request for review.

*Id.* ¶ 24.

Mr. Zaky further emphasizes the following circumstances that ALJ Norton and the Appeals Council allegedly failed to consider in his "good cause" filings:

> a. Claimant's inability to timely receive and/or receive any mail from outside the incarceration facility where he was housed during the issuance of the reconsideration denial and relevant appeal period associated with the denial;
>
> b. Claimant's inability to access effective means of communication (phone, mail, computer, etc.) with which to inquire of the status of

>his application for benefits or update the Defendant as to his whereabouts;
>
>c. At the time of issuance of the denial of reconsideration and during the relevant appeal time period, the Claimant did not have a spouse, children of majority, or close kin with sufficient authorization to assist him with inquiry of the Defendant Administration;
>
>d. According to the record of communication evident in the record, Claimant was compliant and in active and ongoing communication with the Defendant (including as recent to the May 23, 2017 denial of reconsideration as November 2017, December 2017 and March 2018), but then Claimant failed to respond when a letter with a blank disability questionnaire for completion was sent by Defendant to Plaintiff dated 05/10/2017- which corroborates that Claimant was not receiving his mail while incarcerated and did not have access to effective means of communication for inquiry or response.

*Id.* ¶ 25.

Mr. Zaky is allegedly currently homeless. *Id.* ¶ 2.

As relief, Mr. Zaky asks the Court to: (1) order the Commissioner to "submit a certified copy of the transcript of the records, including evidence upon which the findings and decision complained of are based;" (2) reverse the Commissioner's decisions, or in the alterative, remand for further administrative proceedings; and (3) grant any other relief deemed just and proper. *Id.* at 10.

### B. Procedural History

On August 21, 2018, Mr. Zaky filed a Complaint against the Commissioner of Social Security, appealing from the Commissioner's decision regarding his Social Security Disability Insurance Benefits. Compl., ECF No. 1 ¶ 1(Aug. 21, 2018).

On October 18, 2018, the Commissioner filed a motion to dismiss Mr. Zaky's Complaint for lack of subject matter jurisdiction. Def.'s Mot.; Mem. of Law in Support of Def.'s Mot., ECF No. 12-1 (Oct. 18, 2018) ("Def.'s Mem."); Prelle Decl., ECF No. 12-2 (Oct. 18, 2018).

On November 2, 2018, Mr. Zaky filed a motion to amend his Complaint to clarify information about the address alleged in the Complaint. Mot. to Amend, ECF No. 13 (Nov. 2, 2018).

On November 7, 2018, Mr. Zaky objected to the Commissioner's motion to dismiss. Obj. to Def.'s Mot., ECF No. 14 (Nov. 7, 2018) ("Pl.'s Obj.").

On November 16, 2018, the Commissioner replied. Reply Mem. of Law in Further Support of Def.'s Mot., ECF No. 15 (Nov. 16, 2018) ("Def.'s Reply").

On October 7, 2019, the Court granted Mr. Zaky's motion to amend his Complaint, Order, ECF No. 16 (Oct. 7, 2019), and on December 16, 2019, ordered him to file the Amended Complaint by December 20, 2019, Order, ECF No. 17 (Dec. 20, 2019). Mr. Zaky filed his amended Complaint the same day. Am. Compl.

## II.   STANDARD OF REVIEW

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "A case is properly dismissed for lack of subject matter jurisdiction under [Federal Rule of Civil Procedure] 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000); Fed. R. Civ. P. 12(b)(1). The plaintiff bears the burden of establishing by a preponderance of the evidence that the court has subject matter jurisdiction over the claims. *Id.*

"When considering a motion to dismiss pursuant to Rule 12(b)(1), the court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff." *Sweet v. Sheahan*, 235 F.3d 80, 83 (2d Cir. 2000); *see also Nat. Res. Def. Council v. Johnson*, 461 F.3d 164, 171 (2d Cir. 2006) (quoting *Sweet*, 235 F.3d at 83). However, the court may also

7

resolve disputed jurisdictional fact issues "by referring to evidence outside of the pleadings, such as affidavits, and if necessary, hold an evidentiary hearing." *Karlen ex rel. J.K. v. Westport Bd. of Educ.*, 638 F. Supp. 2d 293, 298 (D. Conn. 2009) (citing *Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000)).

Because federal courts are courts of limited jurisdiction, "[c]ustomarily, a federal court first resolves any doubts about its jurisdiction over the subject matter of a case before reaching the merits or otherwise disposing of the case." *Cantor Fitzgerald, L.P, v. Peaslee,* 88 F.3d 152, 155 (2d Cir. 1996); *see also Rhulen Agency, Inc. v. Ala. Ins. Guar. Ass'n,* 896 F.2d 674, 678 (2d Cir. 1990) ("the court should consider the Rule 12(b)(1) challenge first since if it must dismiss the complaint for lack of subject matter jurisdiction, the accompanying defenses and objections become moot and do not need to be determined.") (citing 5 Wright & Miller, Fed. Prac. & Proc. § 1350, 548 (1969)).

A court considering a motion to dismiss under Rule 12 generally limits its review "to the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). A court may also consider "matters of which judicial notice may be taken" and "documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993); *Patrowicz v. Transamerica HomeFirst, Inc.*, 359 F. Supp. 2d 140, 144 (D. Conn. 2005).

### III.   DISCUSSION

The Social Security Act "establishes a comprehensive plan for administrative and judicial review of claims for disability benefits." *Dietsch v. Schweiker*, 700 F.2d 865, 867 (2d Cir. 1983)

(citing 42 U.S.C. §§ 401-33). Under 42 U.S.C. § 405(g), an individual may appeal and seek judicial review of the Commissioner's "final decision" only if the "civil action [is] commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g). Furthermore, "Section 405(h) purports to make exclusive the judicial review method set forth in § 405(g)." *Shahala v. Ill. Council on Long Term Care, Inc.*, 529 U.S. 1, 10 (2000) (citing 42 U.S.C. § 405(h)).

In urging the Court to dismiss the appeal, the Commissioner argues that Mr. Zaky failed to exhaust his administrative remedies, because "he was untimely in requesting a hearing." Def.'s Mem. at 4. The Commissioner submits that "it is well-established that dismissal by the [Commissioner] of an untimely request for review or an untimely request for an extension of time is not reviewable by the district court, because such a dismissal is not a 'final decision' within the meaning of section 405(g)." *Id.* at 4-5 (citation omitted). The Commissioner further notes that an ALJ already considered Mr. Zaky's contentions that he established good cause for the untimely request, "and found them unpersuasive, and the Appeals Council found no basis to change that ruling." *Id.* at 5. According to the Commissioner, because Mr. Zaky "failed to obtain a final decision, [his] contentions cannot establish subject matter jurisdiction and are not subject to judicial review." *Id.* at 5 (citations omitted).

In Mr. Zaky's view, ALJ Horton's dismissal of his request for a hearing was a final adjudication, "given the result it produced, which was why, the Appeals Council agreed to accept the appeal from said Order of Dismissal for consideration." Pl.'s Obj. at 9. According to Mr. Zaky, the Appeals Council would not have accepted his appeal "for a substantive consideration" of ALJ Horton's dismissal had the Appeals Council not considered that dismissal a final adjudication of his claim as "not disabled." *Id.* 9-11. Mr. Zaky submits that the Commissioner's

argument is circular. *Id.* at 11-12. Mr. Zaky argues for the Court to allow this appeal because he did seek to avail himself of every administrative remedy, and "a dismissal of a request for a hearing results in the inability to seek further redress disability benefits," as the "time period preceding the dismissal is formally and finally adjudicated." *Id.* at 12.

In reply, the Commissioner emphasizes that Mr. Zaky concedes his failure to exhaust administrative remedies, and thus has failed to adhere to Section 405(g)'s requirement that he first obtain a "final decision of the Commissioner of Social Security made after a hearing." Def.'s Reply at 1-2 (quoting § 405(g)). The Commissioner contends that "[e]xhausting the procedures for claiming good cause for a failure to exhaust, [as Mr. Zaky does], does not lead to a 'final decision . . . .'" *Id.* at 3. In addition, the Commissioner distinguishes the administrative review process for the dismissal of Mr. Zaky's claim for untimeliness, which is "not subject to judicial review." *Id.* at 4-5 (quoting 20 C.F.R. § 404.903). "Because Plaintiff failed to obtain a final decision of the Commissioner subject to judicial review," the Commissioner argues that his Complaint must be dismissed for lack of subject matter jurisdiction. *Id.* at 6.

The Court disagrees.

The Supreme Court recently answered unanimously the question of "whether the Appeals Council's dismissal of [a] claim is a 'final decision . . . made after a hearing' so as to allow judicial review under § 405(g)." *Smith v. Berryhill*, 139 S. Ct. 1765, 1771 (2019). As the Supreme Court noted, dismissals by the Appeals Council are "binding and not subject to further review." *Id.* at 1772 (quoting 20 C.F.R. § 416.1472). Section 405(g) contains "a 'jurisdictional' requirement that claims be presented to the agency, and . . . a 'waivable . . . requirement that the administrative remedies prescribed by the Secretary be exhausted.'" *Id.* at 1773 (quoting *Mathews v. Eldridge*, 424 U.S. 319, 328)). But, "[w]hile § 405(g) delegates to the [Social

10

Security Administration] the authority to dictate which steps are generally required, exhaustion of those steps may not only be waived by the agency, but also excused by the courts." *Id.* at 1773-74 (citations omitted). The Supreme Court emphasized that "Congress wanted more oversight by the courts" in the Social Security context "rather than less," and that "the statute as a whole is one that 'Congress designed to be unusually protective of claimants.'" *Id.* at 1776 (citations omitted).

Therefore, where "a claimant has received a claim-ending timeliness determination from the agency's last-in-line decisionmaker after bringing his claim past the key procedural post (a hearing) mentioned in § 405(g), there has been a 'final decision ... made after a hearing' under § 405(g)." *Id.* at 1777 (footnote omitted). The Supreme Court held that "where the [Social Security Administration]'s Appeals Council has dismissed a request for review as untimely after a claimant has obtained a hearing from an ALJ on the merits, that dismissal qualifies as a "final decision . . . made after a hearing' within the meaning of § 405(g)." *Id.* at 1780.

Here, Mr. Zaky's claim was denied at the initial-determination stage and upon reconsideration, and later dismissed without a hearing before an ALJ because he failed to timely request a hearing. Mr. Zaky's failure to timely obtain a hearing on the merits of his disability claim may be fatal to his appeal here, because there has not been a "final decision . . . made after a hearing" subject to judicial review in this Court. *See Smith*, 139 S. Ct. at 1777 (quoting § 405(g)). The Supreme Court in *Smith* acknowledged that "[a] different question would be presented by a claimant who assertedly faltered at an earlier step—*e.g.,* whose request for an ALJ hearing was dismissed as untimely and who then appealed that determination to the Appeals Council before seeking judicial review." *Id.* at 1777 n.17. Although such a claimant, who is procedurally in the same situation as Mr. Zaky, "would not have received a 'hearing' at all, the

11

[Supreme] Court's precedents also make clear that a hearing is not always required." *Id.*; *see also id.* at 1774 (The Supreme "Court's precedents make clear that an ALJ hearing is not an ironclad prerequisite for judicial review." (internal citation omitted)).

The Supreme Court did not squarely address the unique situation of Mr. Zaky and no court in the Second Circuit has yet addressed the same situation. *See id.* ("Because such a situation is not before us, we do not address it."); *Compare Ward v. Saul*, No. 4:18-cv01455-KOB, 2019 WL 5448598, at *5 (N.D. Ala. Oct. 24, 2019) ("The Appeals Council in this case rendered its final decision when it denied Mr. Ward's request for review of the ALJ's decision to dismiss his request for a hearing. So Mr. Ward can appeal that decision to the court regardless of whether Mr. Ward had a merits hearing before the ALJ. Consequently, the court has subject matter jurisdiction over this case under 42 U.S.C. § 405(g)."), *with Wills v. Comm'r of Soc. Sec.*, No. 4:19-cv-39-DMB-JMV, 2019 WL 3953954, at *1 (N.D. Miss. Aug. 21, 2019) ("There is no dispute that Wills 'presented his claim to the Social Security Agency by challenging his termination of benefits. There is also no dispute that, for the reasons articulated in the July 26 report, Wills failed to exhaust his administrative remedies. Thus, dismissal is warranted for failure to state a claim, not for lack of subject matter jurisdiction." (internal citations omitted)); *see also Dietsch v. Schweiker*, 700 F.2d 865, 867 (2d Cir. 1983) ("The Appeals Council may dismiss an untimely request for review, and such a dismissal is not reviewable by the district court because it is not a 'final decision' within the meaning of § 405(g)." (internal citations omitted)), *abrogated by Smith v. Berryhill*, 139 S. Ct. 1765 (2019).

Therefore, even though the Appeals Council's dismissal of Mr. Zaky's claim was determined without Mr. Zaky ever obtaining a hearing from the ALJ on the merits, the Court finds that this does not divest it of jurisdiction over the procedural question here. *See Smith*, 139

S. Ct. at 1778–79 ("Here, too, while Congress has empowered the [Social Security Administration] to create a scheme of administrative exhaustion, Congress did not delegate to the [Social Security Administration] the power to determine 'the scope of the judicial power vested by' § 405(g) or to determine conclusively when its dictates are satisfied."). Until the Second Circuit or the Supreme Court speaks on the unique issue at hand of a dismissal for untimeliness in requesting a hearing, the Court will follow what it has ascertained to be the Supreme Court's intent, and exercise its jurisdiction while "restrict[ing] its review to the procedural ground that was the basis for the Appeals Council dismissal and (if necessary) allow the agency to address any residual substantive questions in the first instance." *Id.* at 1780.

The procedural question at issue is whether Mr. Zaky had good cause for his untimeliness in requesting a hearing "248 days after the date of the notice of reconsideration determination." SSA Order of Dismissal at 1. The Court notes that although Mr. Zaky alleges he did not receive appointed counsel until March 19, 2018, Am. Compl. ¶ 9, ALJ Horton noted that in her March 22, 2018 dismissal that "[w]hile the claimant is represented as of February 24, 2018, the representative has not provided further explanation regarding the untimely filing," SSA Order of Dismissal at 2. Additionally, on June 28, 2018, while Mr. Zaky was represented by counsel, the Appeals Council found that Mr. Zaky's reasons for disagreeing with the dismissal "do not provide a basis for changing" the dismissal. AC Decision at 1.

Generally, "even if the court could draw different conclusions after an independent review of the record, the court must uphold the Commissioner's decision when it is supported by substantial evidence and when the proper legal principles have been applied." *Jacqueline E. v. Saul*, 2020 WL 1234949, at *4 (W.D.N.Y. Mar. 13, 2020) (collecting cases). "When considering whether the Appeals Council erred in dismissing a claimant's request for review, the standard of

13

review 'as to [an] overall conclusion [by the Commissioner] . . . is abuse of discretion, and substantial evidence as to any fact.'" *Id.* (internal formatting in original) (quoting *Smith*, 139 S. Ct. at 1779 n.19).

In any event, the Court need not answer the question at issue until the parties have had an opportunity to brief it further.

Accordingly, the case will not be dismissed for lack of subject matter jurisdiction.

## IV.   CONCLUSION

For the foregoing reasons, the Commissioner's motion to dismiss is **DENIED**.

The Commissioner is directed to file the necessary transcripts by **May 29, 2020**.

Once the transcripts are filed, the Clerk of Court is directed to file on the docket the Supplemental Scheduling Order.

**SO ORDERED** at Bridgeport, Connecticut, this 4th day of May, 2020.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE